UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re

AMERICAN MEDICAL                                   Case No. 11-43573
UTILIZATION MANAGEMENT
CORPORATION,
                          Debtor.                  Chapter 11
----------------------------------------------------------X

# DECLARATION OF SYLVIA ALMEIDA IN OPPOSITION TO MOTION TO DISMISS

The undersigned, being duly sworn, states:

1. I am Roger Almeida's daughter. Upon information and belief, my father ("Almeida") is the Debtor's largest creditor. My father loaned the Debtor approximately $247,000. The Debtor defaulted on the many representations to my father regarding, among other things, repayment of the loans.

2. I am fully familiar with the circumstances surrounding the Debtor's case and my father's claim against the Debtor. I have been assisting my father manage his pre-petition lawsuit against the Debtor and its president, Tony Brown ("Brown"), for fraud and, among other things, breach of contract. In addition, in preparation for potential employment by the Debtor, I spent three days working in the medical center prior to the filing so that I could assist it in managing its affairs. As such, I am somewhat familiar with its operations. Finally, when my father is not available – primarily for business reasons – I have served as his agent in this case. As such, I am fully familiar with the facts I state herein.

3. I have reviewed the Motion for the Appointment of a Chapter 11 Trustee filed by Shurod Brown, Ari Friedman, John Davis, and Adrian Brody (the "Creditor Group") and the Motion to Dismiss the Case filed by the U.S. Trustee's Office ("UST"). Given the Debtor's

conduct in the case, including his outright defiance of the Court's order to file bank statements with the Court, we presume that the Court will find cause to dismiss the case. Therefore, my father and I oppose the dismissal of the case and request that a Chapter 11 Trustee be appointed instead. I make that request for the following reasons.

4. It would be completely unfair to permit the Debtor to dismiss its case and avoid the requirement that it account for the funds it has received since the filing date. A dismissal would relegate the creditors to years of litigation in the state court: such a remedy is completely inequitable under the circumstances of this case. The Debtor's president has testified that he causes the Debtor to pay him $3,000 a week in compensation. If the Debtor is generating that level of income, we are entitled to know the extent of its income and expenses, and what the president has done with all of the Medicaid receivables.

5. My father invested in this business, in part, because there is a community need for this type of service in this neighborhood. The Creditor Group has spent a significant amount of time developing relationships with local community groups and homeless shelters to provide much needed medical services to this under-treated patient base. The Creditor Group and I believe that there is a significant demand for these services and the ability to substantially increase the Debtor's revenue.

6. My father invested a significant amount of money in the Debtor that he believes can be recovered. He and the Creditor Group have an economic interest in ensuring that the Debtor reorganizes and are prepared to file a plan of reorganization to ensure that the medical center survives. However, we can not do so without the Debtor's cooperation and its full and complete disclosure. Since the Debtor's president is not willing to cooperate, and conduct

himself in a manner that is consistent with a fiduciary for all creditors, he must be replaced with an independent trustee.

7. I have been informed by a member of the Creditor Group that the Debtor has invoiced, and partially collected, more than half a million dollars from Medicaid and Medicare since the filing date. I was also told that there was $70,000 in a bank account on or about the date the case was filed. However, since the Debtor has not complied with its obligation to turn over this information, I have not been able to verify the accuracy of these statements.

8. Moreover, these statements are inconsistent with the statements made by the UST that the Debtor has no assets of any value. I believe that if there is any question about the value of the Debtor's assets and that there are, in fact, receivables due, or that have been disbursed, the Court should conduct an evidentiary hearing on this issue or permit the parties to obtain discovery from the Debtor before a determination is made whether to dismiss the case or appoint a trustee.

9. My counsel intentionally requested that the Debtor turnover recent bank statements and a list of income and expenses in lieu of a formal operating report so that the Debtor could not use, as an excuse, its inability to produce operating reports to delay its disclosure of financial information. I believe that the Debtor's president purposely defied the Court's order to turn over bank statements so that the Court would dismiss the case. In fact, his failure to turnover this information confirms my suspicion that the president has engaged in self-dealing and is afraid to disclose this information. The Debtor's outright defiance of the Court's order should constitute sufficient cause to appoint a trustee.

10. I believe that the Debtor's president defrauded my father, and the members of the

Creditor Group believe they have also been defrauded.  I have no confidence that the president has not engaged in self-dealing.  As such, the Court should not permit the case should be dismissed without requiring the Debtor to comply with its duties and pay the price of invoking the automatic stay and causing the creditors to incur substantial legal fees to participate in this case.  We are willing to invest the time and money to prosecute a plan of reorganization that will pay creditors a significant dividend.  Moreover, my father and the creditor group would most likely control the voting of the class of unsecured creditors, the likelihood of success of such a plan is high.  For these reasons, I request that the Court deny the UST's Motion to Dismiss and appoint a trustee.

       I swear under penalty of perjury that the foregoing is true and accurate.

New York, New York                                                                */s/Sylvia Almedia*
August 1, 2011                                                                        Sylvia Almeida
                                                                                                     c/o Ortiz & Ortiz, LLP
                                                                                                     127 Livingston Street
                                                                                                     Brooklyn, NY 11201

Service List

The following entities were served by First Class Mail:

American Medical Utilization Management Corp
434 Rockaway Avenue
Brooklyn, NY 11212-5636

NYS Dept of Taxation
1740 Broadway
New York, NY  10019-4315

Ari Friedman
419 Decatur Street
Brooklyn, NY 11233-1507

Ari Friedman
512 Jorgen Street
Lawrence, NY 11559-2530

Bailey & Bailey, LLC
123-20 82nd Avenue
Kew Gardens, NY 11415-1207

Consolidated Edison Company of New York, Inc
4 Irving Place, Room 1875-S
New York, New York 10003-3502
Attn: Bankruptcy Group

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

John Davis
187 Saratoga Ave.
Brooklyn, NY 11233-2609

NYC Dept of Finance
City of New York
59 Maiden Lane, 24th Fl
New York, NY 10038-4648

NYC Dept of Finance
TAPE Division
345 Adams St.
5th Floor

Brooklyn, NY 11201-3719

NYS DEPT OF TAX & FINANCE
BANKRUPTCY SECTION
PO BOX 5300
ALBANY, NY 12205-0300

NYS Dept of Labor
250 Schermerhorn Street
Brooklyn, NY 11201-5816

Office of the United States Trustee
271 Cadman Plaza East
Suite 4529
Brooklyn, New York 11201-1833

S Queens Community Development Co.
3333 New Hyde Park Road
Suite 314
New Hyde Park, NY 11042-1204

Shurod Brown
419 Decatur Street
Brooklyn, NY 11233-1507

The following entities were served through e-mail:

Jeffrey C Chancas on behalf of Creditor Pitrock Realty Corp. c/o Borah, Goldstein, Altschuler, Nahins & Goidel, P.C.
jchancas@borahgoldstein.com

Deborah J Dwyer on behalf of Creditor NYS Dept of Taxation
deborah_dwyer@tax.state.ny.us

Mark I Fishman on behalf of Patient Care Ombudsman Daniel McMurray
mfishman@npmlaw.com, bankruptcy@npmlaw.com;ecrafts@npmlaw.com

Roy J Lester on behalf of Creditor Arooba Corp.
rlester@rlesterlaw.com, pkamran@rlesterlaw.com

Ernest E Ranalli on behalf of Debtor American Medical Utilization Management Corporation
theranallilawgroup@yahoo.com, ranallilaw@yahoo.com

Melvin Lee Reddick on behalf of Creditor Adrian George
mlrlaw@aol.com