UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                      (Chapter 11)
American Medical Utilization Management Corp.,  Case No. 11-43573-ccc
                                      Debtor.
-----------------------------------------------------------x

### OPPOSITION TO
### UNITED STATES TRUSTEE'S CROSS MOTION
### SEEKING AN ORDER TO DISMISS CHAPTER 11 CASE WITH A TWO YEAR
### BAR TO REFILING UNDER 11 U.S.C.§§ 1112(b) AND 349(a)

Creditors, Shurod Brown, John Davis, Ari Friedman and Adrian George

(collectively "Objecting Creditors") file these written objections to the Cross Motion of

the United States Trustee which requests that the Court enter an order dismissing the

Debtor's case for cause under 11 U.S.C. § 1112(b) and imposing a two year bar to

refiling under 11 U.S.C. 349(a).

The Objecting Creditors filed a Motion with this Court, on July 8, 2011, for the

entry of an order, pursuant to 11 U.S.C. §1104(a), directing the appointment of a Chapter

11 Trustee. The appointment of a Trustee is warranted and a prerequisite in this case in

order to allow Debtor's shareholders and creditors an opportunity to offer a plan of

reorganization to the Trustee[1].

The United States Trustee, in presenting its case for dismissal, cites the prior

bankruptcy history of Debtor, in which two (2) cases were dismissed, and calls Debtor "a

serial chapter 11 filer" and states that "Little has changed in the current case."[2]

---

[1] 11 U.S.C. §1121(c) provides that "Any party in interest, including…, <u>a creditor…</u>, <u>may file a plan if and only if- (1) a Trustee has been appointed under this chapter.</u> (emphasis added)

[2] See Declaration of attorney Robert E. Goldman, ("Goldman Declaration") attorney for creditor Ari Friedman, wherein he posits that this bankruptcy proceeding is very different

The United States Trustee is wrong in assuming it knows the current facts[3]. As creditor/shareholder, Adrian George states in his attached Declaration, at page 2,

> "The Trustee has never been provided with timely and accurate documentation from the Debtor and neither was an examination conducted to determine whether the Debtor has the requisite financial resources to fulfill the obligations of a Chapter 11 plan of reorganization.

> Therefore, without evidence and/or the opportunity to "discover evidence" the Trustee's motion is based purely upon the absence of pertinent documentation ... which is the result of the Debtor's intentional actions to frustrate the petition; including the obfuscation of facts, misrepresentation and secreting the actual financial condition of the Estate."

In fact, Debtor's President, Tony Brown-Arkah has failed to comply with the bankruptcy disclosure requirements for a debtor in possession and he has just recently ignored the Court's Order to provide a current bank statement and an income and expense statement, which were due on July 27, 2011[4].

As a result of lacking financial information, the United States Trustee is unwittingly misleading the Court regarding the reasonable likelihood for rehabilitation of Debtor. The United States Trustee states that "Even though the Debtor is operating, it still has insufficient cash to sustain operations and reorganize in chapter 11."

Objecting Creditors disagree with this assessment. Adrian George states in his Declaration, after outlining the financial losses of over $200,000+ Debtor has incurred as a result of President Tony Brown-Arkah's mismanagement[5], that, "In consideration of the

---

financially from the previous Debtor filings, attached hereto and hereby made apart hereof, as Exhibit "A".

[3] See, Declaration of creditor/shareholder Adrian George, at page 2, attached hereto and hereby made a part hereof as Exhibit "B".

[4] See Court Order dated July 25, 2011.

[5] See, Recoupment letter of November 5, 2010, from NYS Department of Health, wherein $102,286.00 was taken from payments due Debtor for failure to file "Public

past mismanagement of cash assets and the present statements regarding accounts receivables; the Stockholders and Creditors firmly believe that the present cash flow can support fees charged by a Trustee as well as premiums to obtain adequate insurance coverage."[6]

Members of the Board of Directors, which includes Shurod Brown, Ari Friedman and Adrian George, for AMUMC have determined that Debtor has billed Medicaid $540,802.45[7] for the period March 25, 2011 through July 19, 2011 and receipt of payments are expected[8].

Notwithstanding the total lack of cooperation from Debtor's President, Tony Brown-Arkah, since filing the bankruptcy petition on April 28, 2011[9], Objecting Creditors hereby request the opportunity to present a plan for reorganization to the Trustee and the Court, which will be in the best interest of creditors and the estate.

As attorney for creditor Ari Friedman, Robert Goldman states in his Declaration, "...dismissal in this case will unequivocally be the most unfortunate result for the creditors and the estate. As will be seen in the instant case, reorganization is not only

---

Goods Pool Reports" and letters of April 12, 2011, from Medicaid Management Information System to Debtor withholding $32,988.79 from payments due Debtor because of the Restraining Order obtained by Judgment Creditor Arooba Corp. against Debtor as examples of the lost revenue Debtor incurred as a result of mismanagement, attached hereto and hereby made apart hereof as Exhibit "C".

[6] See, Adrian George Declaration, supra, at page 5.

[7] See, AMUMC billing statements, attached hereto and hereby made a part hereof, as Exhibit "D".

[8] See, Goldman Declaration, supra, at paragraph 4.

[9] See, backdated check issued by Debtor President, Tony Brown-Arkah to MaJibur Majumder, MD., dated June 30, 2011 for services rendered as Debtor's Medical Director in May, 2011 and handwritten note from Dr. Majumder summarizing the mismanagement Tony Brown-Arkah continued to inflict even after filing for bankruptcy in April, 2011, as well as memo from Debtor's Board of Director members Shurod Brown and Adrian George regarding meeting with Dr. Majumder, wherein confirmation of the backdated check was made by Dr. Majumder, attached hereto and hereby made a part hereof as Exhibit "E"

possible but likely save a much needed medical facility, in a community that is most needful of such a facility."[10]

Objecting Creditors have identified insurance agents who have supplied applications for general liability and medical malpractice insurance and applicable coverage rates are under review for Debtor's business operation[11].

The concerns of the United States Trustee giving rise to "cause" would be eliminated if the Trustee is appointed, which would allow, inter alia, submission and approval of a reorganization plan for Debtor, which in turn would provide for total liability and medical malpractice insurance coverage and timely filing and reporting.

The United States Trustee raises the prospect that the Objecting Creditors seek the appointment of the Trustee as an "opportunity to gain control of Debtor" and overlooks the fact that "…we believe that without the appointment of the Trustee at this moment…the Estate of this Clinic is likely to be dissipated either through the incompetence of the Debtor's President and/or the eventual revocation of the Medical License by the State of New York; as a consequence of non-compliance, malfeasance and/or the absence of oversight in the Healthcare being provided." [12]

In addition, as creditors/shareholders and board of director members, who have the right to file for a reorganization plan, the Objecting Creditors,[13] "…have not entered

---

[10] See, Goldman Declaration, supra, at paragraph 2.

[11] See, Omni Insurance Agency letter to Ari Friedman, of July 27, 2011, wherein Alan Lamm stated that once the application is completed he could render a quote on insurance costs within 2-4 business days, attached hereto and hereby made apart hereof, as Exhibit "F".

[12] See, Adrian George Declaration, supra, at page 11.

[13] See, memo detailing the qualifications of Debtor creditors/shareholders/directors who would participate in the offer of the Debtor's reorganization plan to the Trustee, attached hereto and hereby made a part hereof as Exhibit "G".

into the record any request that Mr. Tony Brown be ousted from the Company per se...excepting the fact that based upon their Petition (sic) these Claimants are aware of the fact that the appointment of a Trustee to preserve the Estate in question, is likely to terminate Mr. Tony Brown's role as the Debtor In Possession and the executive officer of AMC (Debtor)."[14]

The "cause" for the Objecting Creditors, in seeking the appointment of a Trustee, mandates that the court shall appoint a Trustee if the appointment is in the best interest of the creditors or the estate[15]. As creditor/shareholder, Adrian George states in his Declaration seeking the intervention of the Court to approve the appointment of a Trustee, that "Based upon the fact that the "interested parties" desperately seek to not only to preserve and rehabilitate the assets of the Estate and the future of ongoing activities of the Clinic...I believe that it is the duty of the Court to "immediately intervene" in these matters to protect the interest of the Public; as well as the continuation of the desperately needed resource of Healthcare in a woefully underserved community."[16]

---

[14] See, Adrian George Declaration, supra, at page 11.
[15] See, 11 U.S.C. 1104(a)(1)&(2), which govern the appointment of a Trustee and provides in part the following "At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a Trustee—
(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case...; or
(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate...,

[16] See, Adrian George Declaration, supra, at page 11.

As the United States Trustee stated in its Cross Motion to Dismiss at page 20, "In addition, under § 1104(a) (3), the court has the discretion to direct the appointment of a chapter 11 Trustee if it finds that there is cause to convert or dismiss the case under § 1112(b), but determines that the appointment of a chapter 11 Trustee is in the best interests of creditors and the estate."

Objecting Creditors respectfully request that this court make that determination and order this extraordinary remedy, because it is in the best interest of the creditors and the estate[17].

Respectfully submitted,

New York, New York
August 1, 2011

Melvin L. Reddick
Attorney for creditors
Shurod Brown, John Davis and
Adrian George
74 Trinity Place, Suite 1609
New York, NY 10006
212-385-1046
Mlrlaw@aol.com

---

[17] See, 11 U.S.C. 1104(a)(3), which states in part, that "(a)...the court shall order the appointment of a Trustee...(3) if grounds to convert or dismiss the case under section 1112, but the court determines that the appointment of a Trustee ...is in the best interest of creditors and the estate."